UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANGELA Y. HOWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:14-cv-01340-DKL-TWP |
| ) | |
| CAROLYN W. COLVIN, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON JUDICIAL REVIEW**

Plaintiff Angela Y. Howell ("Howell") requests judicial review of the decision of Defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administration (the "Commissioner"), denying Howell's application for disability insurance benefits ("DIB"). For the reasons set forth below, the Commissioner's decision is **AFFIRMED**.

I. **BACKGROUND**

A. **Procedural History**

Howell filed her application for DIB on September 6, 2011, alleging an onset of disability of April 29, 2011. [Dkt. 13-2 at 11] Howell's applications were denied initially on October 20, 2011, and upon reconsideration on February 2, 2012. [*Id.*] Howell requested a hearing, which was held on February 8, 2013, before Administrative Law Judge Brenton L. Rogozen ("ALJ"). The ALJ denied Howell's application on March 18, 2013. [Dkt. 13-2 at 8.] The Appeals Council denied Howell's request for review of the

ALJ's decision on June 12, 2014, making the ALJ's decision final for purposes of judicial review. Howell filed her Complaint with this Court on August 14. 2014. [Dkt. 1.]

### B. Factual Background and Medical History

Howell was born on July 25, 1957 and was 53 years old on the date of alleged onset of disability. She last worked in 2010 as a housekeeper for St. Vincent Hospital and testified that she was terminated for poor performance. Howell received unemployment compensation until August 2012. She alleges multiple physical impairments including tendonitis/pain in her left foot, pain in her left hand and lower back pain. She also alleges depression. The ALJ determined that none of Howell's impairments were severe and thus she was not disabled. As the ALJ thoroughly summarized the medical records, the Court will only cite to the portions relevant to the issues on which Howell requests review.

## II. **LEGAL STANDARDS**

### A. Standard for Proving Disability

To be eligible for SSI and DIB, a claimant must show he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To evaluate a disability claim, an ALJ must use the following five-step inquiry:

Step One: Is the claimant currently employed;

Step Two: Does the claimant have a severe impairment or combination of impairments;

Step Three: Does the claimant's impairment meet or equal any impairment listed in the regulations as being so severe as to preclude substantial gainful activity;

Step Four: Can the claimant perform his past relevant work; and

Step Five: Is the claimant capable of performing any work in the national economy?

20 C.F.R. §§ 404.1520. *See also Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). The individual claiming disability bears the burden of proof at steps one through four. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If the claimant meets that burden, then the SSA has the burden at Step Five to show that work exists in significant numbers in the national economy that the claimant can perform, given his age, education, work experience and functional capacity. 20 C.F.R. § 404.1560 (c)(2).

### B. Standard for Judicial Review

An ALJ's decision will be upheld so long as the ALJ applied the correct legal standard, and substantial evidence supported the decision. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation omitted). This limited scope of judicial review follows the principle that Congress designated the Commissioner, not the courts, to make disability determinations:

> In reviewing the decision of the ALJ, we cannot engage in our own analysis of whether [the claimant] is severely impaired as defined by the SSA regulations. Nor may we reweigh evidence, resolve conflicts in the record, decide questions of credibility, or, in general, substitute our own judgment for

3

> that of the Commissioner. Our task is limited to determining whether the ALJ's factual findings are supported by substantial evidence.

*Young v. Barnhart*, 362 F.3d 995, 1001 (7th 2004). Where conflicting evidence allows reasonable minds to differ as to whether a claimant is entitled to benefits, the court must defer to the Commissioner's resolution of this conflict. *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997). The ALJ is required to articulate a minimal, but legitimate, justification for her decision to accept or reject specific evidence of a disability. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004). "An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions." *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010) (citation omitted).

### III. <u>DISCUSSION</u>

Howell contends the ALJ erroneously found her impairments were "not severe" at Step Two and his failure to continue the sequential evaluation process constituted reversible error. At Step Two, it is Howell's burden to establish she has a severe impairment. Howell asserts that she presented evidence of tendonitis and arthritis in her left foot, major depressive disorder and borderline intellectual functioning with a GAF of 60 and chronic back pain. Based upon these potential impairments, Howell argues it was error to conclude no combination of them rises to the level of "severe." The Court disagrees.

An impairment or combination of impairments is "severe" if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. § 404.1521(a) (basic work activities include physical activities such as sitting, standing, and lifting and mental

4

activities such as understanding and carrying out simple instructions); 20 C.F.R. § 404.1521(b). An impairment is "not severe" when medical or other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. *See Lopez–Navarro v. Barnhart*, 207 F.Supp.2d 870, 881 (E.D. Wis. 2002); *Dunn v. Sullivan*, 1993 WL 730745 at 4 (N.D. Ill. 1993); S.S.R. 85–28.

Howell cites various impairments, but does not explain or cite evidence to show how those impairments affect her ability to work. The ALJ noted that Howell presented no medical source statement showing functional limitations from any treating source. In other words, no medical provider concluded that Howell's impairments limited her ability to work. [Dkt. 13-2 at 17.] The Court may not reweigh the evidence or substitute its judgment for that of the Commissioner. *Young v. Barnhart*, 362 F.3d 995, 1001 (7th 2004). The issue here is whether substantial evidence supports the Commissioner's decision that Howell's impairments are not severe enough to limit her ability to perform work-related activities. The record includes the following evidence:

- Howell attended physical therapy for left foot pain, but was discharged for missing too many appointments;

- Howell testified that she had significant difficulty standing and walking and would benefit from the use of a cane, yet she could not explain why she made no effort to obtain a cane;

- After a physical examination, the consultative examiner reported Howell had no functional limitations;

5

- The psychological consultative examiner diagnosed Howell with mild depression, but did not provide an assessment of her functional limitations.

Based upon these records, the ALJ reasonably concluded Howell's impairments, considered singly and in combination, do not significantly limit her ability to perform basic work activities. The Court finds the determination that Howell's impairments are not severe is supported by substantial evidence.

IV. **CONCLUSION**

The standard for disability claims under the Social Security Act is stringent. The Act does not contemplate degrees of disability or allow for an award based on partial disability. *Stephens v. Heckler*, 766 F.2d 284, 285 (7th Cir. 1985). Furthermore, the standard of review of the Commissioner's denial of benefits is narrow. The Court reviews the record as a whole, but does not re-weigh the evidence or substitute its judgment for the ALJ's. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009). The Court must uphold a decision where, as here, it is supported by substantial evidence in the record. As the Court cannot find a legal basis to overturn the ALJ's determination that Howell does not qualify for disability benefits, the Commissioner's decision is **AFFIRMED**.

Date: 04/17/2015

*Denise LaRue* (signature)

Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

Patrick Harold Mulvany
patrick@mulvanylaw.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov